WILLIAM JONES *vs.* THE INHABITANTS OF WALTHAM.

If the proprietors of a railroad, acting within the scope of their lawful authority construct a cattle guard in their road, at a place where it crosses a highway on the same level; and the town erect and maintain a sufficient and proper barrier against such cattle guard, up to the railroad, and as far as can be done without impeding the passing of cars on the same; the town are not responsible for an injury sustained by a traveller on the highway, in consequence of his falling into the cattle guard, without any fault or neglect on his part.

THIS was an action on the case to recover damages for an injury sustained by the plaintiff, and alleged to be occasioned by a defect in a highway, which the defendants were bound to keep in repair. The case was tried before *Dewey*, J., by whom it was reported for the consideration of the whole court.

The plaintiff was on foot at the time when the accident happened, and fell into an opening called a " cattle guard " at the crossing of the Fitchburg railroad over a highway, in Waltham, which, it was admitted, the defendants were bound

to maintain. The highway, at the place in question, passed over a meadow, and then by a bridge over a brook from north to south, and was crossed by the Fitchburg railroad from east to west near the brook. The plaintiff, while passing along the highway in the evening, and exercising ordinary care, fell into the excavation and was severely injured.

The defendants introduced evidence to show, that they had provided and maintained sufficient and proper barriers and railing up to the railroad, and as far as the same could be maintained without impeding the passing of the cars on the railroad. The cattle guard, which was about three feet deep, and wholly outside of the highway, came up to the line of the highway.

The court instructed the jury, that the general rule, applicable to towns in this respect, was, that if there were dangerous pits, excavations, or precipices, without the limits of the located highway, but so near to it that they would, without barriers or guards, endanger the safety of passengers using the travelled or made part of the road, with ordinary care and diligence to avoid exposure to injury, it was the duty of the town to guard against such pits, excavations, or precipices, by means of a railing or in some other proper mode; and that if the town neglected to do so, and, in consequence of such neglect, any person using the made road sustained an injury, the town would be liable for the damages thereby occasioned.

The jury were also further instructed, that if the proprietors of the railroad were duly authorized to cross the public highway in Waltham in the manner they did, that is, on the same level; and if the injury sustained by the plaintiff arose from his falling into a railroad pit, called a cattle guard, which was wholly without the limits of the located highway; and if the defendants had erected proper barriers and guards as to every portion of the highway, except the space actually in use by the railroad corporation, for passing with their engines, cars and other proper vehicles; that as to this portion of the road thus limited, the defendants were not by law required to erect and maintain a barrier; and that their

omission to do so would not subject them to any liability for damages occasioned by a traveller's passing out of the limits of the highway, at this place in the road, and falling into a pit or excavation of the railroad, wholly without the limits of the highway.

The jury, under these instructions, returned a verdict for the defendants. If the instructions were erroneous, the verdict is to be set aside, and a new trial ordered; otherwise judgment is to be rendered on the verdict.

*A. H. Nelson* and *J. Rutter*, for the plaintiff, referred to Rev. Sts. *c.* 39, §§ 66, 68, 80, 81; *St.* 1842, *c.* 22; *St.* 1846 *c.* 271, § 3; *Cobb* v. *Standish*, 2 Shep. 198; *Currier* v. *Lowell* 16 Pick. 170.

*E. R. Hoar* and *A. Moore*, for the defendants, relied on the *St.* 1846, *c.* 271, § 3; Rev. Sts. *c.* 39, § 77; *Howard* v. *North Bridgewater*, 16 Pick. 189; *Tisdale* v. *Norton*, 8 Met. 388; *Howland* v. *Vincent*, 10 Met. 371; *Tinker* v. *Russell*, 14 Pick. 279. In the case of *Cobb* v. *Standish*, cited for the plaintiff, the court in Maine decided this case in favor of the defendants.

METCALF, J. The evidence in this case was, that the pit, into which the plaintiff fell, "was wholly outside of the highway, and came up to the line of the highway." The only ground, then, upon which the town can be held liable to this action, is, that there was a dangerous place on the roadside, which required a fence or barrier, to make the road safe for travellers, as in case of a bridge, causeway and the like. But when a town has no power or right to erect such fence or barrier, it is not answerable for the consequences which follow from the want of it. In the present case the town had no authority or right to erect a barrier which should obstruct the railroad; but it "had maintained and kept up a sufficient and proper barrier and railing, up to the railroad, and as far as it could be maintained without impeding the passage of the cars on the railroad." The defendants, having done all that the law required or permitted them to do, are not answerable to the plaintiff, either on the statute, or on the principles of justice.

If the railroad corporation acted within the scope of their lawful authority, in making the trench, or cattle guard, and in the manner of constructing their track by its side, then the plaintiff has suffered from an accident which happened from an authorized public work, and has no legal remedy. If the railroad corporation have exceeded their authority, or have not constructed and guarded their track, as the law directs, and have placed a nuisance in the highway, then they are liable to indictment, and any person who suffers a peculiar and special damage therefrom, may recover compensation by civil action against that corporation.

*Judgment on the verdict.*